## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **COLONY INSURANCE COMPANY** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 1-10CV00391** |
| | § | |
| **DTS, INC. A/K/A DANIEL'S TREE** | § | |
| **SERVICE, INC., AND** | § | |
| **DANIEL MCCLARAN** | § | **HONORABLE MARCIA CRONE** |

### DEFENDANTS' ORIGINAL ANSWER TO
### PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

DTS, Inc. a/k/a Daniel's Tree Service, Inc. ("DTS") and Daniel McClaran ("McClaran"), defendants in the above-entitled and numbered cause, file this, their original answer to plaintiff's original complaint for declaratory judgment and respectfully show the Court as follows:

I.

ADMISSIONS AND DENIALS

1.1     Paragraph 1.1 of plaintiff's original complaint for declaratory judgment requires no responsive pleading. As such, the allegations in paragraph 1.1 of plaintiff's original complaint for declaratory judgment are denied or avoided pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure.

2.1     DTS and McClaran admit Colony is an insurance company. Otherwise, DTS and McClaran lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.1 of plaintiff's original complaint for declaratory judgment.

2.2     DTS and McClaran admit DTS is a corporation duly organized and existing under the laws of South Carolina. To the extent paragraph 2.2 of plaintiff's original complaint for declaratory judgment alleges DTS conducted business "at all relevant times" in Liberty County,

Texas, DTS and McClaran lack knowledge or information sufficient to form a belief about the truth of the allegation. Otherwise, the allegations in paragraph 2.2 of plaintiff's original complaint for declaratory judgment require no responsive pleading and, as such, the remaining allegations are denied or avoided pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure.

2.3   DTS and McClaran admit McClaran is an individual residing in South Carolina. To the extent paragraph 2.3 of plaintiff's original complaint for declaratory judgment alleges McClaran conducted business "at all relevant times" in Liberty County, Texas, DTS and McClaran lack knowledge or information sufficient to form a belief about the truth of the allegation. DTS and McClaran admit that McClaran has not designated or maintained a resident agent for service of process in the State of Texas and does not maintain a regular place of business in Texas. Otherwise, the allegations in paragraph 2.3 of plaintiff's original complaint for declaratory judgment require no responsive pleading and, as such, the remaining allegations are denied or avoided pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure.

3.1   DTS and McClaran admit the allegations in paragraph 3.1 of plaintiff's original complaint for declaratory judgment.

3.2   DTS and McClaran admit the allegations in paragraph 3.2 of plaintiff's original complaint for declaratory judgment.

4.1   DTS and McClaran admit the claims raised by Joshua Newsom ("Newsom") in the matter styled <u>Joshua Newsom v. DTS, Inc., a/k/a Daniel's Tree Service, Inc., Daniel McClaran, FAC Trucking Company, Edward Cline, and Woodrow Cline, Individually and d/b/a W E Trucking Service</u>, cause no. CV0901553, in the 253rd Judicial District Court of Liberty County, Texas ("the underlying lawsuit"), relate to an incident on or about October 18, 2008. DTS and McClaran further admit Liberty County contracted with DTS to assist in clearing debris from Hurricane Ike.

Otherwise, DTS and McClaran deny the allegations in paragraph 4.1 of plaintiff's original complaint for declaratory judgment.

4.2    To the extent paragraph 4.2 of plaintiff's original complaint for declaratory judgment merely restates Newsom's allegations in the underlying lawsuit, the allegations in paragraph 4.2 of plaintiff's original complaint for declaratory judgment are admitted.  Otherwise, DTS and McClaran deny the substance of the allegations in paragraph 4.2 of plaintiff's original complaint for declaratory judgment.

4.3    To the extent paragraph 4.3 of plaintiff's original complaint for declaratory judgment merely restates Newsom's allegations in the underlying lawsuit, the allegations in paragraph 4.3 of plaintiff's original complaint for declaratory judgment are admitted.  Otherwise, DTS and McClaran deny the substance of the allegations in paragraph 4.3 of plaintiff's original complaint for declaratory judgment.

4.4    Plaintiff's original complaint for declaratory judgment omits paragraph 4.4.

4.5    To the extent paragraph 4.5 of plaintiff's original complaint for declaratory judgment merely restates Newsom's allegations in the underlying lawsuit, the allegations in paragraph 4.5 of plaintiff's original complaint for declaratory judgment are admitted.  Otherwise, DTS and McClaran deny the substance of the allegations in paragraph 4.5 of plaintiff's original complaint for declaratory judgment.

5.1    DTS and McClaran admit Colony issued policy no. MP3654161 to DTS, effective February 21, 2008 to February 21, 2009 ("the Colony policy").  DTS and McClaran further admit the Colony policy includes, but is not limited to, the language quoted by Colony in paragraph 5.1 of plaintiff's original complaint for declaratory judgment.  Otherwise, DTS and McClaran deny the allegations in paragraph 5.1 of plaintiff's original complaint for declaratory judgment.

6.1     DTS and McClaran deny the allegations in paragraph 6.1 of plaintiff's original complaint for declaratory judgment.

6.2     To the extent paragraph 6.2 of plaintiff's original complaint for declaratory judgment merely restates Newsom's allegations in the underlying lawsuit, the allegations in paragraph 6.2 of plaintiff's original complaint for declaratory judgment are admitted.  Otherwise, DTS and McClaran deny the substance of the allegations in paragraph 6.2 of plaintiff's original complaint for declaratory judgment.

6.3     DTS and McClaran deny the allegations in paragraph 6.3 of plaintiff's original complaint for declaratory judgment.

6.4     DTS and McClaran deny the allegations in paragraph 6.4 of plaintiff's original complaint for declaratory judgment.

6.5     DTS and McClaran deny the allegations in paragraph 6.5 of plaintiff's original complaint for declaratory judgment.

In conclusion, defendants, DTS, Inc. a/k/a Daniel's Tree Service, Inc. and Daniel McClaran, move and pray the Court that upon trial hereof, the Court deny plaintiff's request for declaratory judgment, that plaintiff recover nothing, that the Court award defendants their attorneys' fees and costs, and for such other and further relief to which defendants may show themselves justly entitled to receive.

        Respectfully submitted,

        ORGAIN BELL & TUCKER, LLP
        P O Box 1751
        Beaumont, TX 77704-1751
        (409) 838-6412
        (409) 838-6959 facsimile

        /s/ Christopher A. McKinney
        Christopher A. McKinney
        State Bar No. 24044544
        cam@obt.com
        Attorney-in-charge

        Nathan M. Brandimarte
        State Bar No. 24026915
        nmb@obt.com
        Attorney of counsel

        ATTORNEYS FOR DEFENDANTS,
        DTS, INC. A/K/A DANIEL'S TREE SERVICE, INC.,
        AND DANIEL MCCLARAN

## **CERTIFICATE OF SERVICE**

    I do hereby certify that on the 9th day of August, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel:

    Beth D. Bradley
    Summer L. Frederick
    Tollefson Bradley Ball & Mitchell, LLP
    2811 McKinney Avenue Suite 250
    Dallas, TX 75204

        /s/ Christopher A. McKinney
        Christopher A. McKinney